UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Donna Jones,

                                        Plaintiff,

        -v.-                                              1:07-CV-00033
                                                         (NPM)
SmithKlineBeecham, doing
business as GlaxoSmithKline,

                                        Defendant.

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFFS:

Donna Jones, *pro se*
6 Flintock Lane
Clifton Park, NY 12065

FOR DEFENDANT:

Schoeman, Updike & Kaufman, LLP       Beth L. Kaufman, Esq.
60 East 42nd Street
39th Floor
New York, NY 10165-0006


Neal P. McCurn, Senior District Judge

### *MEMORANDUM, DECISION AND ORDER*

## *I.      Introduction*

        This diversity action, through which plaintiff Donna Jones, appearing *pro
se*, purports to set forth various tort claims against defendant,

1

SmithKlineBeecham, doing business as GlaxoSmithKline, stems from alleged libelous statements made in February 2004 via affidavit in support of a motion for summary judgment regarding a previous employment discrimination action filed by plaintiff against defendant.  See Jones v. SmithKlineBeecham, 1:02-CV-01428 (N.D.N.Y., McAvoy, D.J.).

_____Presently before the court is a motion to dismiss by defendant for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  FED. R. CIV. P. 12(b)(6).  Plaintiff opposes. The court decides this motion on the papers submitted without oral argument.

## II.     Background

For purposes of deciding the present motion, the court will, as it must, accept the allegations of fact in the complaint as true, drawing all reasonable inferences in plaintiff's favor.  World Religious Relief, Inc. v. Sirius Satellite Radio, Inc., No. 05-CV-8257, 2007 WL 2261549, at *1 (S.D.N.Y. Aug. 7, 2007) (quoting Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir.1994)).  Further, plaintiff incorporates into her complaint by reference certain public documents associated with her 2002 employment discrimination action against defendant. Accordingly, the court will consider the contents of same when deciding the present motion.  See infra, at 5-6.

Donna Jones ("Jones"), a registered nurse, began her employment with GlaxoSmithKline ("GSK") in early 1989.  In 1993, after four years of excellent performance reviews as a sales representative, a district manager at GSK began to "write libelous comments" about Jones.  In response, Jones hired an attorney, through which she submitted evidence rebutting the "libelous comments."  In 1994, Jones was reassigned to another district manager.  Thereafter, Jones

2

continued her employment with GSK, achieved several honors, and was one of her district's top performers.

In or around 1997 or 1998, when a field representative began infringing on her territory, Jones asked for assistance from her district manager as well as from the regional manager, Jay Schwartz ("Schwartz").  In response, Schwartz "brought up the incidents of 1993" and reassigned Jones to another field manager, David Mosher ("Mosher").  Thereafter, Jones experienced harassment under the new field management and her life "was in constant turmoil."  At one point Schwartz told Mosher he wanted to "get rid of" Jones.  See Aff. of Colleen Conner Ziegler, March 8, 2004, ¶ 8, Exh. 9, Dkt, No. 12.

In November 2002, Jones filed suit against GSK in federal court, alleging hostile work environment and disparate treatment based on her age and/or gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. 621, et seq. ("ADEA"), and the New York Human Rights Law, N.Y. Exec. L. § 296 ("HRL").  In February 2004, GSK filed a motion for summary judgment against Jones, which was eventually granted, resulting in dismissal of the entire action.

In support of its motion, GSK submitted the affidavits of Schwartz and Mosher.  In his affidavit, Mosher stated that Jones violated GSK policy and Food and Drug Administration (FDA) regulations when she stored drug samples at a facility to which Mosher had no access.  See Aff. of David Mosher, Feb. 11, 2004, ¶ 6, Dkt. No. 8:6.  Jones alleges that she did not violate "any company policies, especially sample policies[,]" and that Mosher's accusation to the contrary is an "intentional libel, done to discredit the character of [Jones] in her business and

3

profession." Compl. ¶ 25.  Moreover, Jones notes that Mosher's accusation is "serious" as Jones is a licensed registered nurse.  Id.  There is no reference to Mosher's allegation about Jones violating FDA regulations or GSK policy in the court's memorandum, decision and order granting GSK summary judgment.  See Exh. E to Aff. of Beth L. Kaufman, Feb. 14, 2007, Dkt. No. 8:3.

Schwartz stated in his affidavit that Jones "had significant difficulties in relating to her colleagues and customers[,]" citing various issues which arose between Jones and her supervisor, co-workers, and customers.  Aff. of Jay Schwartz, Feb. 11, 2004, ¶¶ 10-13, Dkt. No. 8:7.  Schwartz also stated that Jones had been placed on probation for 60 days, and attached a written copy of the notice to Jones regarding same, dated October 27, 1993.  See Schwartz Aff., ¶ 11, Exh. A.  When ruling on GSK's motion for summary judgment, the court considered the aforementioned allegations as undisputed facts because Jones failed to cite to the record in support of her denial regarding same in accordance with the Local Rules.  See Exh. E to Kaufman Aff. at p. 3 n.4, citing N.D.N.Y.L.R. 7.  In her complaint in the instant lawsuit, Jones alleges that she was never on probation in 1998, as is stated in Schwartz's affidavit, and that in fact, she received several awards that year.  See Compl. ¶ 23.  Jones further states that she "was a top performer for GSK" which was not possible if she was having problems with customers and co-workers as Schwartz alleges.  See id. ¶ 24.

## III.   Discussion

At the outset, the court notes that it is mindful of the well-established principle that a *pro se* complaint is to be construed liberally, and interpreted to raise the strongest arguments it suggests.  See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  As limited as the requirements are for a complaint drafted by

4

competent counsel, a *pro se* complaint is held to an even lower standard.  <u>See</u> <u>Platsky v. C.I.A.</u>, 953 F.2d 26, 28 (2d Cir. 1991) (<u>citing</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (*per curiam*)).  The Second Circuit has further instructed that, when reviewing *pro se* submissions, a district court should look at them "with a lenient eye, allowing borderline cases to proceed."  <u>Phillips v. Girdich</u>, 408 F.3d 124, 127-28 (2d Cir.2005) (<u>quoting</u> <u>Fleming v. United States</u>, 146 F.3d 88, 90 (2d Cir.1998) (*per curiam*)).

A central theme throughout the complaint here is that the aforementioned statements of Mosher and Schwartz were knowingly false and made with intent to injure plaintiff's reputation.  Plaintiff further alleges intentional and negligent infliction of both physical and mental harm associated with the false statements. Compl. ¶ 47.  As such, the court interprets the complaint to set forth state law claims for libel, intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED").  In addition, plaintiff's complaint may be read to state civil rights claims under 42 U.S.C. § 1983 ("section 1983") for violation of her First and Fourteenth Amendment[1] rights.

### A.    Rule 12(b)(6) Standard

As previously mentioned, when deciding a Rule 12(b)(6) motion to dismiss, the court must accept the allegations of fact in the complaint as true, drawing all reasonable inferences in plaintiffs' favor.  <u>See</u> *supra*, at 2.  In certain circumstances, the court may permissibly consider documents other than the

---

[1] To be sure, the complaint actually reads as follows: "[T]he Plaintiff [] also [] commences this [a]ction under the First Amendment of the United States [Constitution] that [] a citizen has the right to petition the government for a redress of grievances, without retaliation, and the right to life, liberties and pursuit of happiness and due process of law under the Six[th] Amendment."  Compl. ¶ 35.  Because the latter claim fits more squarely within the Fourteenth Amendment, the court will consider the claim accordingly.

complaint in ruling on a Rule 12(b)(6) motion, such as those documents that are attached to the complaint or incorporated in it by reference.  See Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007).  Moreover, "even if not attached or incorporated by reference, a document 'upon which [the complaint] *solely* relies and which is *integral to the complaint*' may be considered by the court in ruling on such a motion."  Id. (quoting Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir.1991)(emphases added), cert. denied, 503 U.S. 960, 112 S.Ct. 1561, 118 L.Ed.2d 208 (1992)).  A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007).[2]  The Court of Appeals for the Second Circuit has recently interpreted the foregoing language as requiring that lower courts apply "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*[,]" but does not require a heightened pleading standard for civil rights claims.  See Iqbal v. Hasty, 490.3d 143, 157-58 (2d Cir. 2007) (emphasis in original).

GSK, narrowly interpreting the complaint to state solely a claim for libel, argues that said claim must be dismissed because it is barred by the statute of limitations, and because the alleged defamatory statements are absolutely

---

[2] By its opinion in Bell Atlantic, the Supreme Court recently abrogated the often-cited language of Conley v. Gibson "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  127 S.Ct. 1955, 1968 (2007) (quoting Conley, 355 U.S. 41, 45-46, 78 S.Ct.99 (1957)).  In so doing, the Court found that Conley "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." Id., at 1969.

privileged.  The court will address these arguments in turn, applying them to the libel claim, as well as the claims for IIED and NIED.  In addition, the court will address plaintiff's section 1983 claims.

### B.     State Law Claims

#### 1.     Statute of Limitations

At the outset, the court acknowledges plaintiff's argument that her claim for libel includes a claim for fraud, and therefore said claim falls under a seven year statute of limitations, not one year as defendant suggests.  See Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J. at 9, Dkt. No. 13.  To be sure, the statute of limitations for fraud in New York is six years, not seven, See N.Y. C.P.L.R. 213(8) (McKinney 2007).  In any event, when determining whether a claim is one for libel or fraud, courts in New York look at the overall "essence of the action and not its mere name."  Lines v. Cablevision Sys. Corp., No. 04-CV-2517, 2005 WL 2305010, at *4 (E.D.N.Y. Sept. 21, 2005) (quoting Morrison v. National Broad Co., 19 N.Y.2d 453 (1967)).  In Lines, the court held that because the gravamen of plaintiff's complaint was that his injuries stemmed from alleged false statements made about him, his claim was one for defamation, not fraud, and was subject to the shorter, one year statute of limitations.  See Lines, 2005 WL 2305010, at *4-5.  Here, as in Lines, Jones claims her reputation has been injured because of the intentional and malicious false statements of Schwartz and Mosher. See id., at *4.  As such, this claim is deemed to be a claim for libel, not fraud, and the statute of limitations analysis will conducted accordingly.

The statute of limitations for a claim of libel under New York law is one year.  N.Y. C.P.L.R. 215(3) (McKinney 2007).  Courts have also interpreted the statute of limitations for a claim of IIED in New York to be one year under

C.P.L.R. 215(3).  See Patterson v. Balsamico, 440 F.3d 104, 112 n.4 (2d Cir. 2006); Dawkins v. Williams, 413 F.Supp.2d 161, 177 (N.D.N.Y. 2006).  Claims for NIED in New York are subject to the three year statute of limitations governing personal injury.  N.Y. C.P.L.R. 214 (McKinney 2007).  See also Dawkins, 413 F.Supp.2d at 177.  The most recent date of publication of the alleged defamatory statements, which forms the basis for all of plaintiff's tort claims, was in February 2004, when the Mosher and Schwartz affidavits were signed and filed with the court.  Because this action was not filed until January 2007, both the claims for libel and IIED are barred by the statute of limitations, and accordingly are dismissed.  The NIED claim, however, was commenced within the three year statute of limitations, and therefore may not be dismissed as time-barred.

### 2.    *Absolute Immunity*

Defendant argues that the complaint should be dismissed because GSK is absolutely immune from suit for statements made under oath in the process of defending against a civil action.  Plaintiff argues, without supporting legal precedent, that there is no absolute privilege for making a false statement, and that the law does not condone libelous statements made in court records.

"Statements made in the course of judicial proceedings are 'absolutely privileged if, by any view or under any circumstances, [they] may be considered pertinent to the litigation.'" Frierson-Harris v. Hough, No. 05-CV-3077, 2006 WL 298658, at *7 (S.D.N.Y. Feb. 7, 2006) (quoting Martirano v. Frost, 25 N.Y.2d 505, 507 (1969)).  Parties and witnesses involved in the judicial proceeding are protected by this absolute privilege, along with the judge, jurors and attorneys. See Frierson-Harris, 2006 WL 298658, at *7 (citing Park Knoll Assocs. v.

8

Schmidt, 59 N.Y.2d 205, 209 (1983)).  Of particular relevance here is that "New York recognizes 'no right of action by a plaintiff for damages against one who has caused the plaintiff to lose his or her case by means of perjured testimony.'" Frierson-Harris, 2006 WL 298658, at *7 (quoting 103 N.Y. Jur.2d Torts § 17). Whether a statement is considered pertinent, and therefore, privileged, is a question of law for the court to decide.  See Cassuto v. Shulick, No. 06-CV-15314, 2007 WL 1705669, at *2 (S.D.N.Y. June 11, 2007).  When deciding whether a statement is pertinent, courts apply an "extremely liberal" standard which is "whether the statement is *at all pertinent* to the litigation."  Id. (internal citations omitted) (emphasis added).

The statements contained in the Mosher and Schwartz affidavits at issue here were submitted in support of GSK's motion for summary judgment on plaintiff's employment discrimination claims.  Whether or not the statements are defamatory is irrelevant.  If the statements are relevant to the litigation, even if accompanied by actual malice, they are absolutely privileged and may not be the basis for any civil action.  See Kelly v. Albarino, 485 F.3d 664, 666 (2d Cir. 2007).  Here, the statements which plaintiff argues are the cause of her damages, to wit, that she was put on probation, she had problems with customers and co-workers, and she violated GSK policy and FDA regulations, were directly related to GSK's defense of a legitimate, nondiscriminatory reason for the alleged adverse employment action.  Accordingly, those statements are relevant to plaintiff's employment discrimination action against defendant and are thus absolutely privileged.  Because these statements form the basis for plaintiff's remaining tort claim against GSK for NIED, it too is dismissed.

### _C.     Section 1983 Claims_

Finally, plaintiff alleges section 1983 claims against GSK for the violation of her First and Fourteenth Amendment rights.  Compl. ¶ 35.  In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege that (1) "some person has deprived him of a federal right," and (2) "the person who has deprived him of that right acted under color of state ... law."  Velez v. Levy, 401 F.3d 75, 84 (2d Cir. 2005), (quoting Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980)).  Traditionally, the definition of acting under color of state law requires that the section 1983 defendant "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  Kern v. City of Rochester, 93 F.3d 38, 43 (2d Cir. 1996) (quoting West v. Atkins, 487 U.S. 42, 49, 108 S.Ct. 2250, 2255 (1988) (internal quotation and citation omitted)).

Here, there is no indication in plaintiff's complaint that defendant acted by virtue of state law when it filed the Mosher and Schwartz affidavits in support of its motion for summary judgment against plaintiff.  Regarding GSK's corporate status plaintiff merely alleges that it is a "[f]oreign [c]orporation authorized to do business in the State of New York, with its [p]rincipal place of business located [in] Pennsylvania ... ."  Compl. ¶ 12.  A corporate entity will be deemed a state actor "only if (1) the government created the corporate entity by special law, (2) the government created the entity to further governmental objectives, and (3) the government retains permanent authority to appoint a majority the directors of the corporation[.]"  Horvath v. Westport Library Ass'n, 362 F.3d 147, 153 (2d Cir. 2004) (quoting  Hack v. President & Fellows of Yale Coll., 237 F.3d 81, 84 (2d Cir.2000) (internal citation and quotation omitted)).  Here, plaintiff fails to allege

any government involvement whatsoever in GSK's creation or oversight.
Therefore, as a private corporation that was acting as such when the underlying
events giving rise to this lawsuit occurred, GSK is not a state actor for purposes of
evaluating plaintiff's civil rights claims here.  Accordingly, plaintiff's section
1983 claims are dismissed.

## *IV.    Conclusion*

For the reasons set forth above it is hereby ORDERED that defendant's
motion to dismiss the libel claim against it pursuant to Fed. R. Civ. P. 12(b)(6) is
hereby GRANTED; and it is further

ORDERED that the additional claims stated in the complaint are hereby
DISMISSED *sua sponte* for failure to state claims upon which relief may be
granted.

Accordingly, judgment is granted in favor of the defendant dismissing the
complaint herein, and the Clerk of the Court is directed to close this case.


IT IS SO ORDERED.


DATED:    August 14, 2007
              Syracuse, New York



_____
Neal P. McCurn
Senior  U.S. District Judge

11